Hearing:                                          Wiggins
December 14, 1988                              Paper No. 17

FOR PUBLICATION IN FULL

U.S. DEPARTMENT OF COMMERCE
PATENT AND TRADEMARK OFFICE

Trademark Trial and Appeal Board

In re Jacques Bernier, Inc, dba
Parfums Gianelli

Serial No. 503,188

Marshall A. Burmeister, Francois N. Palmatier & Foster York
for applicant.

Gary L. Shaffer, Trademark Examining Attorney, Law Office 7
(Lynne Beresford, Managing Attorney).

Before Rooney, Cissel and Seeherman, Members.

Opinion by Rooney, Member:

Jacques Bernier, Inc. dba Parfums Gianelli filed an
application to register the term "RODEO DRIVE" for perfume,
claiming a first use as of February 15, 1984.[1]

Registration was finally refused under Section 2(e)(2) on
the ground that "RODEO DRIVE" is primarily geographically
descriptive or deceptively misdescriptive as applied to the goods.

Registration was finally refused under Section 2(d) as
well, in view of an existing registration for RODEO DRIVE for
retail mail order services featuring a variety of consumer
goods.[2]  Proceedings were suspended following the filing of a

_____

[1]    Ser. No. 503,188 filed October 10, 1984.

[2]    Reg. No. 1,151,308 issued April 14, 1981 claiming first use
as of October 19, 1978.

cancellation proceeding against the cited registration by applicant. However, Reg. No. 1,151,308 was cancelled under Section 8 during the course of the cancellation proceeding which was then terminated. Proceedings on this application were resumed and applicant filed this appeal.

Applicant takes the position that "RODEO DRIVE," while having geographic significance, is primarily recognized as the name of a shopping area or center. It is asserted that, as the mark in the Hyde Park case,[3] "RODEO DRIVE" is "not intended to show the place of manufacture" of the goods but to give the impression of style and quality.

The Examining Attorney, on the other hand, maintains that "RODEO DRIVE" is a famous retail shopping location associated with expensive jewelry, clothing and perfume. The Lexis/Nexis evidence submitted, asserts the Examining Attorney, supports his contention. Stories numbered 2, 6, 7, 8, 10 and 12 are cited as specifically referring to the fact that expensive perfumes are routinely sold in the famous "RODEO DRIVE" location. The high profile promotion, such as is illustrated in the evidence, has caused the term "RODEO DRIVE" to be a cultural and commercial symbol of such expensive items, according to the Examining Attorney.

Applicant dismisses the evidence of extensive promotional efforts made in connection with "RODEO DRIVE," some of which were its own submissions, saying that the public relations effort of

---

[3] Hyde Park Clothes, Inc. v. Hyde Park Fashions, Inc., 93 USPQ 25 (SDNY 1951), aff'd 97 USPQ 246 (2d Cir).

the "shopping center" has been misconstrued as making an insignificant geographical location famous whereas it is the shopping center that has been promoted.

The prohibition of Section 2(e)(2) precludes registration of a term which, when applied to the goods of the applicant is primarily geographically descriptive or deceptively misdescriptive of them. "A geographically descriptive term can indicate any geographic location on earth, such as continents, nations, regions, states, cities, streets and areas of cities, rivers, and any other location referred to by a recognized name. (Trademarks and Unfair Competition, J. Thomas McCarthy, §14.2A, citations omitted) A term is primarily geographically descriptive, when used on goods or services, if it would be understood not only as a geographical designation but as the name of the place where the goods or services originate.

In cases where the use of a geographical term may impart other information, such as indicating that a product is stylish or of high quality, i.e., HYDE PARK for clothing (Hyde Park Clothes, Inc., supra) or where the use is arbitrary or fanciful, i.e., DUTCH BOY for paint [National Lead Company v. Wolfe et al., dba Dutch Paint Co., et al., 105 USPQ 462 (9th Cir. 1955)], registration is not barred by Section 2(e)(2) because, while the term may be a geographical one, it is not "primarily" geographical as applied to those goods or services. That is, it doesn't only tell where the goods originate but has a separate readily understood meaning.

3

In the case before us, we are satisfied that the Examining Attorney has shown "RODEO DRIVE" to be a geographic location which is well known for expensive stores selling costly consumer items such as clothing, perfume and jewelry to a wealthy, chic and/or famous clientele.

Applicant has taken issue with the Examining Attorney's position, saying that he has been "unduly influenced by a public relations program." Examples of promotional materials put out by the Public Relations Council for the Rodeo Drive Committee of the Beverly Hills Chamber of Commerce were submitted. However, while there is no doubt that "RODEO DRIVE" is heavily promoted both by the shop owners and the Chamber of Commerce, it is not the effort to promote "RODEO DRIVE" with which we are concerned but the result of that effort. It has clearly been very successful to the point where that area of Beverly Hills has achieved national, if not international, renown.

The following submissions by the Examining Attorney are excerpts from articles disseminated by widely read publications, having no connection with the Rodeo Drive Public Relations Committee.

The New York Times--

Georgio, a new fragrance named for a Rodeo Drive specialty store was the best-selling women's perfume,...

The Washington Post--

... In fact, the fragrance, named for the trendy Rodeo Drive boutique where it originated, has become Bloomies' top-selling smell...

4

In applicant's own evidence is a copy of an article from The Christian Science Monitor, February 25, 1985 entitled "The one and only Rodeo Drive" and subtitled "Four-block Beverly Hills street stands for elegance". The text of the article leaves no doubt that Rodeo Drive is a famous geographical location catering to the rich and famous. The author summarizes the ambiance she found there in the following statement.

> The creme de la creme of fashion design is represented here in a higher concentration and diversity than perhaps on any other street in the world. There are also two luxurious hotels, glittering jewels, beauty salons of every variety, sumptuous furs, antiques dating back to ancient Egypt and Rome... all of this in the heart of famous Beverly Hills.

It appears to the Board that goods such as applicant's bearing the mark RODEO DRIVE would be likely to be attributed to a geographical place known particularly for the finest in luxury consumer goods. In other words, we believe that purchasers of such goods as perfume are likely to make a goods/place association between those goods and the geographic location named on those goods. This is enough to preclude registration under Section 2(e)(2) because, as applied to those goods, the name is primarily geographically descriptive and should remain available for use on other such goods to indicate geographic origin.[4] In this case, however, applicant's goods do not originate on "RODEO DRIVE."

---

[4] Contrary to applicant's contention, it is not necessary that goods be manufactured or produced at the geographic site for its name to be precluded from registration. That they be sold there is sufficient.

5

Since we believe that the designation "RODEO DRIVE" would be understood as describing the geographical source of these goods, its use on goods which have a different source is geographically deceptively misdescriptive.

Accordingly, we find the refusal to register to have been proper.

While a term which is geographically deceptively misdescriptive may be registrable on the Supplemental Register or under Section 2(f) upon a showing of secondary meaning, applicant has not sought registration under those provisions of the statute.

In view of the foregoing, the refusal to register is affirmed.

L. E. Rooney

R. F. Cissel

E. J. Seeherman
Members, Trademark
Trial and Appeal Board

**MAR 0 1 1989**

6